**FILED**

2020 Jun-18  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BATASKI BAILEY, *pro se* | ) | |
| | ) | CASE NO: |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| REGIONS BANK; and | ) | **2:20-cv-00863-MHH** |
| CITIZENS TRUST BANK; and | ) | |
| MCBRYAN, LLC; and | ) | |
| TRANS UNION LLC | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, the PLAINTIFF, Bataski Bailey, pro se, respectfully requests this Court to issue Declaratory Judgment, Preliminary and Permanent Injunctive Relief and Damages. In support thereof, Plaintiff shows unto the Court as follows:

This is a civil action whereby Plaintiff seeks Preliminary and Permanent Injunctive Relief enjoining Defendants, REGIONS BANK, (hereafter "Regions"), CITIZENS TRUST BANK, (hereafter "Citizens Trust" or "CTB"), MCBRYAN LLC, (hereafter "McBryan"), TRANS UNION, LLC (hereafter "Trans Union") and other conspirators, agents, servants and employees and those acting in active concert and with actual notice thereof, from engaging in further violations of the Fair Credit Reporting

1

Act (15 U.S.C. § 1681 et. seq. (hereafter "FCRA")), the Fair Debt collection Practices

Act (15 U.S.C. § 1692 et. seq. (hereafter "FDCPA")), the Truth in Lending Act (15

U.S.C. § 1601 et. seq.. (hereafter "TILA") including the Credit CARD Act of 2009), and

the Georgia Fair Debt Collection Practices Act (OCGA § 7-3-1. (hereafter

"GFDCPA")). An actual controversy exists between the parties, in that the challenged

actions of the DEFENDANTS have caused and will continue to cause the PLAINTIFF

substantial harm unless the requested relief is granted.

## **JURISDICTION AND VENUE**

1.

Jurisdiction of this court arises under 15 U.S.C. § 1681p and 1640(e), 28 U.S.C. §

1331, and 1692k(d). Declaratory relief is available pursuant to 28 U.S.C. § 2201.

2.

Venue is proper, as Defendant Regions Bank's principle place of business is

located within this jurisdiction. In addition, Defendants Citizens Trust Bank and Trans

Union are registered foreign businesses within this jurisdiction with Registered Agents

as listed below.

3.

Plaintiff's Federal and State Law claims against the defendants derive from a

common focus of operative fact and are of such character that plaintiff would ordinarily

2

be expected to try them in one judicial proceeding. Consequently, this court has pendent jurisdiction over plaintiff's State law claims against the defendants.

4.

This is an action brought by a consumer for violations of the above named Acts in connection with purported debts appearing on plaintiff's consumer reports, the defendants' collection tactics in attempting to collect it, and the defendants' refusal to remove or correct inaccuracies regarding it, despite written correspondence specifying the inaccuracies and providing information that would facilitate a reasonable investigation and reinvestigation of the matter. Thus, the plaintiff seeks damages and, to the extent possible, injunctive and declaratory relief.

## **PARTIES**

5.

The Plaintiff is a natural person residing within Fulton County, in Georgia.

6.

The Defendants:

REGIONS BANK, is a domestic corporation organized and existing pursuant to Alabama Law with its principal office located at 1900 Fifth Avenue North, Birmingham, Alabama 35203 and with its registered agent listed as Corporation Service Company Inc., who can be served at 641 South Lawrence Street, Montgomery, Alabama 35203. CITIZENS TRUST BANK, of 230 Peachtree Street NW, Suite 2700, Atlanta, Georgia

3

30303 is a for-profit corporation that provides credit and credit card services and that uses instruments of interstate commerce to facilitate the collecting of debts owed. Defendant Citizens Trust Bank's Registered Agent is Samuel J. Cox of 230 Peachtree Street NW, Suite 2700, Atlanta, Georgia 30303.

MCBRYAN, LLC, is a for-profit corporation that uses instruments of interstate commerce to facilitate the collecting of debts owed or asserted to be due another. Defendant Nationwide Credit, Incorporated's principle place of business is 6849 Peachtree Dunwoody Rd., Building B-3 Suite 100, Atlanta, GA, 30328. Defendant McBryan, LLC, can be served through its Registered Agent Louis McBryan 6849 Peachtree Dunwoody Rd., Building B-3 Suite 100, Atlanta, GA, 30328.

TRANS UNION LLC, is a foreign limited liability company with its principal office located at 555 W. Adams Street, Chicago, Illinois 60661 with a registered agent of Prentice-Hall Corp. Systems, 641 South Lawrence Street, Montgomery, Alabama 35203.

## PRELIMINARY STATEMENT

7.

To the extent permissible Plaintiff reserves right to pursue alternative and/or inconsistent theories of recovery and or to seek alternate remedies in order to obtain full and complete relief.

4

## FACTS

8.

On or about May 5, 2020, the Plaintiff received a notification from a credit monitoring service indicating Defendant Regions was reporting 2 late payments to the three (3) major consumer reporting agencies (Trans Union, Equifax, and Experian).

9.

On May 5, 2020 the Plaintiff contacted Defendant Regions to dispute an inaccurate reporting of a late payments of a credit card on his consumer report for the months of March and April, 2020.

10.

On or about May 5, 2020, the Plaintiff disputed the aforementioned inaccurate information with Defendant Trans Union advising that the information showing late payments as provided by Regions was inaccurate.

11.

On or about May 30, 2020 the Plaintiff received a letter from Defendant Regions indicating the late payments being reported to the credit reporting agencies were in fact accurate.

12.

On June 1, 2020, the Plaintiff again contacted Defendant Regions regarding the late payments, and was advised in fact the late payment notations on the Plaintiff's credit

5

report were not accurate. Defendant Regions however continues to report the late payments to the consumer reporting agencies.

13.

Defendant Trans Union to date has not responded to the Plaintiff's dispute and request for an investigation regarding late payments reported by Defendant Regions.

14.

On or about February 17, 2020, the Plaintiff received a call from a representative of Defendant Citizens Trust indicating the Plaintiff had not made January, 2020's credit card payment. The Plaintiff disputed this statement and provided Defendant Citizens Trust proof of this payment.

15.

On of about February 17, 2020, the Plaintiff attempted to access his online account to view his account history and information. The Plaintiff's access had been blocked by Defendant CTB.

16.

On February 17, 2020, the Plaintiff again contacted Defendant CTB and advised the Defendant's the Plaintiff was no longer able to view his statements as required by law. The Plaintiff went on to advised Defendant CTB, that he had signed up for electronic billing and because of their refusal to allow him access to his online account, he no longer has access to his account history and statements as required by the Truth in

6

Lending Act and the Credit Card Accountability, Responsibility and Disclosure Act.

17.

Over the course of three (3) months the Plaintiff contacted Defendant CTB on four (4) separate occasions demanding access to his account and statements. Defendant CTB refused. During this period, the Plaintiff was not able to see his account or make payments.

18.

On or about April 27, 2020 the Plaintiff was contacted via telephone by Defendant McBryan. During this conversation the representative indicated the Defendant McBryan was a law firm and that the plaintiff's wages would be garnished if the Plaintiff didn't immediately remit payment for the entire balance owed Defendant CTB.

19.

On April 27, 2020 the plaintiff submitted a letter via email and certified mailing to Defendant McBryan disputing the alleged debt owed to Defendant CTB and requesting a validation of debt pursuant to the Fair Debt Collection Practices Act.

20.

Defendant McBryan responded by not providing any information that would validate the debt or account for the monies paid by the Plaintiff towards any alleged debt.

7

21.

After several requests Defendant McBryan has refused to provide the requested information or account for monies paid towards the alleged CTB debt.

22.

On or about May 5, 2020, the Plaintiff disputed the aforementioned inaccurate information with Defendant Trans Union advising that the information showing late payments as provided by Defendant Citizens Trust was inaccurate.

23.

Defendant Trans Union to date has not responded to the Plaintiff's dispute and request for an investigation regarding late payments reported by Defendant Regions.

## COUNT I
## REGIONS BANK'S VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT

24.

Defendant Regions regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

25.

Defendant Regions furnished information it knew or should have known was inaccurate to the consumer reporting agencies on multiple occasions in direct violation of 15 U.S.C. § 1681s-2(a)(1)(A). These violations include transmitting to each of the

8

three (3) consumer reporting agencies late payment marks regarding the plaintiff's account when in fact it knew or should have known this information was inaccurate.

26.

Defendant Regions furnished information consumer reporting agencies it knew to be inaccurate even after being notified by the plaintiff in direct violation of 15 U.S.C. § 1681s-2(a)(1)(B).

27.

Defendant Regions failed to correct information it knew to be inaccurate prior to providing said information to the consumer reporting agencies in direct violation of 15 U.S.C. § 1681s-2(a)(2)(A)(B).

28.

Defendant Regions failed provide notice of disputes to the consumer reporting agencies regarding the plaintiff's account in direct violation of 15 U.S.C. § 1681s-2(a)(3).

29.

Defendant Regions in response to the notices of investigation and reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on at least two different occasions, even though they were in possession of information which showed that the information was in fact inaccurate, in direct violation of 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple

investigation and reinvestigation requests from multiple Credit Reporting Agencies is evidence of a willful noncompliance on the part of Defendant Regions.

## COUNT II
## REGIONS BANK'S INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

30.

Defendant Regions intended to and did inflict severe emotional distress upon Plaintiff. The willful and negligent actions of Defendant Regions caused the plaintiff to experience emotional distress exhibited through both mental and physical symptoms.

## COUNT III
## CITIZENS TRUST BANK'S VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT

31.

Defendant Citizens Trust regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

32.

Defendant Citizens Trust furnished information it knew or should have known was inaccurate to the consumer reporting agencies on multiple occasions in direct violation of 15 U.S.C. § 1681s-2(a)(1)(A). These violations include transmitting to each of the three (3) consumer reporting agencies late payment marks regarding the plaintiff's account when in fact it knew or should have known this information was inaccurate.

10

33.

Defendant Citizens Trust furnished information consumer reporting agencies it knew to be inaccurate even after being notified by the plaintiff in direct violation of 15 U.S.C. § 1681s-2(a)(1)(B).

34.

Defendant Citizens Trust failed to correct information it knew to be inaccurate prior to providing said information to the consumer reporting agencies in direct violation of 15 U.S.C. § 1681s-2(a)(2)(A)(B).

35.

Defendant Citizens Trust failed provide notice of disputes to the consumer reporting agencies regarding the plaintiff's account in direct violation of 15 U.S.C. § 1681s-2(a)(3).

36.

Defendant Citizens Trust in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on two different occasions, even though they were in possession of information which showed that the information was in fact inaccurate, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of Defendant Citizens Trust.

## COUNT IV
## CITIZENS TRUST BANK'S VIOLATIONS OF THE
## TRUTH IN LENDING ACT AND CREDIT CARD ACCOUNTABILITY
## RESPONSIBILITY AND DISCLOSURE ACT [15 USC § 1601 *et seq.*]

37.

Defendant Citizens Trust failed to provide the plaintiff with periodic monthly statements for as many as three (3) consecutive months as required pursuant to Section 106 of the Credit CARD Act. The plaintiff notified defendant Citizens Trust on four (4) different occasions. The defendant even refused to provide the Plaintiff with online access to view his statements. This refusal to provide the Plaintiff with statements denied the plaintiff of information regarding his account including but not limited to finance charges, penalties, interest and other information relevant to the plaintiff's ability to adhere to any agreement between the plaintiff and defendant Citizens Trust.

## COUNT V
## CITIZENS TRUST INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

38.

Defendant Citizens Trust intended to and did inflict severe emotional distress upon Plaintiff. The willful and negligent actions of Defendant Citizens Trust caused the plaintiff to experience emotional distress exhibited through both mental and physical symptoms.

## COUNT VI
## MCBRYAN VIOLATIONS OF THE FAIR
## DEBT COLLECTION PRACTICES ACT

39.

Defendant McBryan are debt collectors, as defined by 15 U.S.C. § 1692a(6).

40.

Defendant McBryan violated the FDCPA by:

41.

Multiple violations of § 1692e (2)(a) and 1692e(10) for the false representation of the character, amount, or legal status of any debt.

42.

Violations of § 1692e. These violations including threatening telephone calls, the representative of defendant McBryan indicating he was an attorney and would initiate legal action against the plaintiff, the refusal to indicate the alleged debt was disputed when reporting said alleged debt to the consumer reporting agencies, and the failure to provide the requested documentation to a written request for debt validation.

43.

The foregoing violations of the FDCPA are among defendant McBryan's standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits.

13

## COUNT VII
## MCBRYAN VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT

44.

Defendant McBryan regularly and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

45.

Defendant McBryan furnished information it knew or should have known was inaccurate to the consumer reporting agencies in direct violation of 15 U.S.C. § 1681s-2(a)(1)(A).

46.

Defendant McBryan furnished information consumer reporting agencies it knew to be inaccurate even after being notified by the plaintiff in direct violation of 15 U.S.C. § 1681s-2(a)(1)(B).

47.

Defendant McBryan failed to correct information it knew to be inaccurate prior to providing said information to the consumer reporting agencies in direct violation of 15 U.S.C. § 1681s-2(a)(2)(A)(B).

14

48.

Defendant McBryan failed provide notice of disputes to the consumer reporting agencies regarding the plaintiff's account in direct violation of 15 U.S.C. § 1681s-2(a) (3).

49.

Defendant McBryan in response to the notices of reinvestigation from the Credit Reporting Agencies, verified that the disputed information was accurate and complete on two different occasions, even though they were in possession of information which showed that the information was in fact inaccurate, as required by 15 U.S.C. § 1681s-2(a)(3). The fact that this was done in response to multiple reinvestigation requests from multiple Credit Reporting Agencies and the Plaintiff is evidence of willful noncompliance on the part of Defendant McBryan.

## COUNT VIII
## MCBRYAN VIOLATIONS OF THE GEORGIA
## FAIR DEBT COLLECTION PRACTICES ACT

50.

Defendant McBryan violated OCGA 7-3-29(b), by telling the Plaintiff that they had disclosed to the credit reporting agencies information affecting the plaintiff's reputation for credit worthiness without also informing the plaintiff that the existence of the dispute would also be disclosed.

15

51.

Defendant McBryan violated OCGA 7-3-29(b), by disclosing to Equifax, Trans Union, and Experian information affecting the plaintiff's reputation, whether or not for credit worthiness, with knowledge or reason to know that information was false.

## COUNT IX
## MCBRYAN INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

52.

Defendant McBryan intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

53.

Defendant McBryan attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

16

## COUNT X
## TRANS UNION VIOLATIONS OF THE
## FAIR CREDIT REPORTING ACT
## &
## ACCURATE CREDIT TRANSACTIONS ACT
## (FCRA-FACTA) [15 USC § 1681 *et seq.*]

54.

Defendant Trans Union is a Consumer Reporting Agency's ("CRAs") as defined by 15 USC § 1681 *et seq.*

55.

Defendant Trans Union has upon information and belief willfully committed one or more violations of 15 USC § 1681 *et seq.* by intentionally, willfully, knowingly and negligently and repeatedly failing to report information pertaining to the plaintiff with the maximum possible accuracy and or as otherwise required by law. This intentional, willful, and knowing act is the reporting of inaccurate information including on the accounts listed as "Regions Bank" and "Citizens Trust Bank". This inaccurate information includes reporting two (2) late payments during the months of March and April, 2020 on the plaintiff's Regions Bank account when it knew or should have known this information was inaccurate. The inaccurate information also includes multiple late payment notations in January, February, March, and April of 2020 on the plaintiff's Citizens Trust account.

56.

Defendant Trans Union failed in their duty to review all relevant information

17

provided by the plaintiff pursuant to 15 USC § 1681i (a)(2) and as required by 15 USC § 1681s-2(b)(1)(B). Defendant Trans Union also failed to use reasonable procedures to ensure maximum accuracy.

## COUNT XI
## TRANS UNION INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS

57.

Defendant Trans Union intended to and did inflict severe emotional distress upon Plaintiff by engaging in actions that intended to harass, belittle, confuse, mislead and threaten the Plaintiff, the purpose of which was to intimidate and coerce the Plaintiff into paying a debt which was not legitimately owed, and conspired to systematically deny the Plaintiff his right to dispute the legitimacy and validity of a claimed debt.

58.

Defendant Trans Union attempted to take advantage of a consumer reasonably unable to protect his interests because of an assumed ignorance and an inability to understand the legal issues and other factors involved, and therefore acted with unconscionable intent.

**WHEREFORE,** the Plaintiff respectfully requests relief as follows:

59.

A trial by a twelve (12) person jury;

60.

For preliminary and permanent injunctive relief, enjoining the named defendants and other conspirators from engaging in further violations of the Fair Credit Reporting Act;

61.

For preliminary and permanent injunctive relief, enjoining all of the named Defendants and other conspirators from:

1. Selling, transferring, reporting, or otherwise assigning the above named account to any other collection agency, debt collector, reseller or Credit Reporting Agency;

2. Attempting to place the Plaintiff on any "deadbeat list," or attempting in any way to impugn the Plaintiff's reputation as a consumer in connection with any and all transactions carried out or related to the aforementioned debt;

62.

For an order awarding actual damages [specific amount to be proven at trial];

63.

For an order awarding consequential damages in an amount to be determined at trial;

64.

For an order awarding general damages in an amount to be determined at trial;

19

65.

For an order awarding statutory damages for each statutory violation as described

herein in an amount to be determined at trial;

66.

For an order awarding punitive damages in an amount to be determined at trial;

67.

For an order awarding reasonable attorney's fees, costs and expenses;

68.

Interest as allowed by law;

69.

And for such other and further relief as the court deems just and proper and just

under the circumstances.

Please take notice that the Plaintiff demands trial by jury in this action.

Respectfully submitted this 18th day of June, 2020.

_____ /s/ Bataski Bailey
**BY: Bataski Bailey Pro Se**

Bataski Bailey *Pro Se*
238 Walker St. SW Unit 36
Atlanta, GA 30313
404.933.9014
bataskib@hotmail.com